**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,** Plaintiff/Respondent -vs- **Jorge Castaneda-Ceja,** Defendant/Movant | CV-07-2192-PHX-SRB (JRI) CR-06-1078-PHX-SRB **REPORT & RECOMMENDATION On Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** |

### I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 13, 2007 (#95). On February 1, 2008, Respondent filed its Response (#104). Movant has not filed a reply.

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**A. FACTUAL BACKGROUND**

Movant's written Plea Agreement (#64)[1], includes the following statement of factual basis:

> Defendant JORGE CASTANEDA-CEJA agreed with

---

[1] Unless otherwise noted, docket numbers reference filings in CR-06-1078-PHX-SRB.

- 1 -

> co-defendants Jorge Castaneda Sanchez, Hector Zavala-Velasco and Ricardo Iran Cota that they would possess and distribute up to 10 kilograms of cocaine in the District of Arizona.
> On November 28, 2006, a confidential source (CS) spoke to defendant JORGE CASTANEDA-CEJA to discuss the future purchase of 10 kilograms of cocaine. Defendant JORGE CASTANEDA-CEJA stated that he could only sell three kilograms of cocaine during the first meeting.
> Defendant JORGE CASTANEDA-CEJA then met the CS and undercover agents at an undercover apartment in Phoenix, Arizona, and showed the agents three kilograms of cocaine. They then negotiated a price of $15,500 per kilogram of cocaine. Defendant JORGE CASTANEDA-CEJA left the undercover apartment, with the cocaine, and drove to his home. The CS called defendant JORGE CASTANEDA-CEJA and asked him to bring the cocaine back to the apartment, which he did. At this time, defendant JORGE CASTANEDA-CEJA was driving a blue Buick Sable, and was accompanied by his son, co-defendant Jorge Castaneda-Sanchez, who was driving a gold Honda. Defendant JORGE CASTANEDA-CEJA took the three kilograms of cocaine up to the undercover apartment while co-defendant Jorge Castaneda-Sanchez acted as a lookout in the parking lot.
> Inside the undercover apartment, undercover agents paid defendant JORGE CASTANEDA-CEJA $46,500 for the cocaine, at which time, he was arrested and agents seized the drugs. When he was questioned, defendant JORGE CASTANEDA-CEJA admitted that he sells cocaine and that his son, co-defendant Jorge Castaneda-Sanchez, was acting as a lookout for him during this drug transaction.
> Defendant JORGE CASTANEDA:CEJA then agreed to make a phone call to his cocaine supplier and arrange a meeting. Agents followed defendant JORGE CASTANEDA-CEJA to the meeting where they saw him meet with co-defendant Hector Zavala-Velasco. Co-defendant Hector Zavala-Velasco got into defendant JORGE CASTANEDA-CEJA's car where they discussed the drug transaction and defendant JORGE CASTANEDA-CEJA gave co-defendant Hector Zavala Velasco $5000, which he had received from agents. Co-defendant Hector Zavala-Velasco was then arrested. Additionally, agents arrested co-defendant Ricardo Iran Cota, who had driven codefendant Hector Zavala-Velasco to the meeting. Both Hector Zavala-Velasco and Ricardo Iran Cota admitted that they had provided defendant JORGE CASTANEDA-CEJA with the cocaine earlier that day. The Chandler police department tested the drug evidence in this case and concluded that it was cocaine, and weighed approximately 3082 grams.

(Attachment A, Plea Agreement at 8.) (Attachments to the Response, #104, are referenced herein as "Attachment __.")

## B. PROCEEDINGS AT TRIAL

A Complaint (#1) was filed on November 29, 2006, charging Movant and co-

defendants Jorge Castaneda Sanchez, Hector Zavala-Velasco and Ricardo Iran Cota with one count of conspiracy to distribute or to possess with intent to distribute cocaine. On December 5, 2006, Movant was indicted (#16) on one count of conspiracy to distribute cocaine, and one count of aiding and abetting possession with intent to distribute.

Movant subsequently entered into a written Plea Agreement (Attachment A) whereby he agreed to plead guilty to Count One, conspiracy to possess with intent to distribute 500 grams or more of cocaine, in exchange for dismissal of Count Two and various agreements on sentencing. Those agreements included stipulations for a downward adjustment for acceptance of responsibility and the possibility of additional downward departures pursuant to U.S.S.G. 5C1.2 (safety valve relief from minimum sentence), an agreement for the prosecution to recommend a minor role adjustment, and an agreement that for sentencing purposes the amount of cocaine provable was between 2000 and 3500 grams. (Attachment A, Plea Agreement at 2-3.)

In addition, the Plea Agreement included the following explicit waiver of appeal rights:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information, or to the court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided that the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(*Id.* at 4.)

It also contained the following representation by Movant:

> I have been advised by my attorney of the nature of the charge or charges to which I am entering my guilty plea, I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that the guideline range

- 3 -

>discussed with my attorney is not binding on the Court and is merely an estimate.

(*Id.* at 8.)

Movant appeared with counsel and entered his guilty plea on February 21, 2007. (M.E. 2/21/07, #31.)  At that hearing, Movant represented his understanding of the plea agreement and its consequences as follows:

>THE COURT: All right.
>Now, there is another right that you've given - - agreed to give up, and that is in the plea agreement. It is not a constitutional right, but it is a right that is provided to you under the law, and that is the right to appeal.  Waiving your right to appeal is written in the plea agreement on page 4 at section 4.
>When you give up your right to appeal, you've given up your right to appeal any decisions I make to a higher court, as well as any right you might otherwise have had in the future to collaterally attack the validity of the conviction that results from today's guilty plea; to later attack any matter pertaining to the government's prosecution of the case against you, and any right in the future to either appeal or later seek review of the sentence that will be imposed if your sentence is consistent with the terms of the plea agreement.
>Do you understand you've agreed to give up those appeal rights as well?
>THE DEFENDANT: Yes.

(*Id.* at 9-10.)

Movant further represented to the Court that he had been advised by counsel in the course of entering into the Plea Agreement and entering his plea.

>THE COURT: Do you understand English?
>THE DEFENDANT: No.
>THE COURT: During the time that this case has been pending against you, when you and your lawyer have met have you and he spoken together in Spanish?
>THE DEFENDANT: Yes, just Spanish.
>THE COURT: And did your lawyer also read the important documents, such as the charges that are pending against you and the plea agreement, to you in Spanish?
>THE DEFENDANT: Yes.
>THE COURT: Were you able to understand your lawyer's Spanish?
>THE DEFENDANT: Yes.
>THE COURT: And did it appear to you from his responses to the things you said to him that he understood you?
>THE DEFENDANT: Yes.
>* * *
>THE COURT: Have you been satisfied with the representation that Mr. Marquez has provided for you thus far?
>THE DEFENDANT: Yes.

- 4 -

> THE COURT: And is your willingness to plead guilty today the result of discussions that you understand your lawyer has had with the government lawyer about you and about the facts of your case so that he could negotiate this plea agreement for you?
> THE DEFENDANT: Yes.

(*Id.* at 4-6.)

> THE COURT: Before you signed this plea agreement today, did you and your lawyer have a chance to discuss it?
> THE DEFENDANT: Yes.
> THE COURT: And was your lawyer able to answer all of your questions about the plea agreement?
> THE DEFENDANT: Yes.

(*Id.* at 10-11.)

The plea was found to be "knowing, intelligent, and voluntary," and was accepted. (*Id.* at 26.)

Counsel filed a Sentencing Memorandum (#60) seeking a departure from the Sentencing Guidelines based on his cooperation with arresting agents. Movant appeared for sentencing on June 18, 2007, his motion for downward departure was denied. (M.E. 6/18/07, #62.) The Court also rejected the recommendation for a minor role adjustment. (Attachment C, R.T. 6/18/07 at 8-9.) The Court calculated a guidelines sentencing range of 70 to 87 months, (*id.* at 14-15), and sentenced Movant to a prison term of 84 months, with credit for time served, and five years supervised release. (M.E. 6/18/07, #62; Judgment, #63.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

Movant did not file a direct appeal, but initiated the instant habeas proceedings by filing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 13, 2007 (#95). Movant's Motion asserts the following four grounds for relief:

1. Counsel was ineffective in representing Movant at sentencing by failing to file necessary papers.
2. Movant was improperly sentenced as a major participant in the conspiracy.
3. Movant is being denied equal protection because, as an alien, he is ineligible for early release programs.

4.      The harm to Movant's family from his incarceration justifies a compassionate reduction in sentence.

Respondent filed its Response (#104) on February 1, 2008, arguing that:

1.      In his Plea Agreement, Movant waived his right to bring the instant motion.

2.      Movant did not receive ineffective assistance of counsel.

3.      Movant's sentence was proper.

4.      The Equal Protection Clause does not prohibit disparate treatment of aliens in early release programs.

Despite being advised in the service order (#97) of his right to do so, Movant has not filed a reply.

## III. APPLICATION OF LAW TO FACTS

### A. GROUNDS ONE AND TWO: WAIVER OF COLLATERAL ATTACK RIGHTS

Respondents argue that Movant has waived his right to file the instant Motion to Vacate. Movant's plea agreement included a waiver of his right to "collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack." (Attachment A, Plea Agreement at 4.) The present motion is just such a collateral attack.

The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, see *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions). Similarly, the right to collateral review may be waived. *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements. *See Baramdyka*, 95 F.3d at 843.

However, to be enforceable, such waivers must be made "knowingly and voluntarily." *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). Whether a particular waiver was

- 6 -

made "knowingly and voluntarily" is a determination made by looking to the circumstances surrounding the signing and entry of the plea agreement. *See United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991). The Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

Here, Movant represented in his Plea Agreement and at his plea hearing that he was entering his plea with the advice of counsel. Still, Movant asserts that trial counsel was ineffective at sentencing. Any ineffectiveness of counsel at sentencing would have occurred after the entry of Movant's plea, and therefore would not have affected the voluntariness of his plea. Accordingly, it would afford no basis for invalidating his plea or any waivers therein.

Unlike claims arising prior to entry of a plea, claims arising after entry of the plea, *i.e.* in the course of sentencing, are not waived by the mere fact of entering a guilty plea. *See e.g. U.S. v. Reyes-Platero,* 224 F.3d 1112 (9th Cir. 2000). However, the defendant's rights to challenge any sentencing errors may be explicitly waived. *See e.g. United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991). Where a waiver specifically includes the waiver of the right to appeal a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." *U.S. v. Nunez,* 223 F.3d 956, 959 (9th Cir. 2000).

Here, Movant's agreement explicitly provided that movant waived: "any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to . . . the court's . . . imposition of sentence upon the defendant, provided that the sentence is consistent with this agreement." He further waived "any right to collaterally attack [his] conviction and sentence" in a 2255 proceeding. (Attachment A, Plea Agreement,

1  at 4.)[2]  Accordingly, Movant has waived his right to collaterally attack his sentence, and to
2  assert ineffective assistance of counsel at sentencing.

3  Granted, there are some flavors of errors at sentencing that are not waivable. *See e.g.*
4  *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (sentence violates the terms of
5  the plea agreement); *United States v. Johnson,* 67 F.3d 200, 203 n. 6 (9th Cir.1995)
6  ("sentencing error could be entirely unforeseeable and therefore not barred"); *United States*
7  *v. Jacobson,* 15 F.3d 19 (2nd Cir.1994) (sentencing disparity among co-defendants based
8  entirely on race); *United States v. Marin,* 961 F .2d 493, 496 (4th Cir.1992) (sentence in
9  excess of maximum statutory penalty or based on a constitutionally impermissible factor such
10 as race).  Here, however, Movant simply argues that counsel should have done more at
11 sentencing.

12 Accordingly, the undersigned concludes that any claim of ineffective assistance of
13 counsel at sentencing is ineffective to void Movant's Plea Agreement, and is thus barred by
14 the waivers in that agreement.

15 Based on the foregoing, the Court must find that Movant's plea was entered
16 knowingly and voluntarily on the basis of the advice of counsel, and that Movant has, under
17 the terms of his written plea agreement, effectively waived his right to file the instant motion
18 attacking his conviction or sentence.  Accordingly, Movant's Ground 1 (Ineffective
19 Assistance of Counsel) and Ground 2 (Improper Sentence Enhancement), must be deemed
20 waived and should be dismissed with prejudice.

21

22 **B.  GROUND THREE:  EARLY RELEASE PROGRAMS**

23 Movant's waiver of his right to collaterally attack his conviction or sentence would
24 not extend to challenges to the execution of that sentence.  Here, Movant argues in his

---

[2] The Plea Agreement also included a waiver of "(2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals)."  (Attachment A, Plea Agreement at 4.)  However, that provision is limited to the "right to appeal," and no explicit waiver of Movant's right to collaterally attack his sentence is included in that part of the plea agreement.

- 8 -

1 Ground 3 that he is being denied equal protection because his status as an alien denies him 2 participation in various early release programs. Movant does not specify which programs 3 he has been rendered ineligible for, nor does he offer any evidence that the denial is based 4 upon his alienage. Conclusory allegations that are not supported by specific facts do not 5 merit habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

6 The bare allegations asserted by Movant do not suggest grounds for relief. In *McLean v. Crabtree,* 173 F.3d 1176, 1180 (9th Cir. 1999), the plaintiff aliens challenged their ineligibility for the sentence reduction incentive provided under the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C. § 3621(e)(2)(B). The Bureau of Prisons had conditioned participation in the program on participation in community based programs, but had precluded inmates subject to a detainer from participating in those programs because of concerns over their flight risk. The complaining aliens were subject to immigration detainers, and thus were precluded from participating. The Ninth Circuit rejected their equal protection challenge, finding that the distinctions were not based upon their alienage, but upon their being subject to a detainer, which was a permissible basis to differentiate between inmates. Moreover, the Court noted that alienage is not a suspect classification, and thus discrimination on that basis is subject to a "rational basis" standard. Here, Movant proffers no evidence that his preclusion from the early release programs is actually based on his status as an alien, nor that it would fail to pass a "rational basis" standard.

20 Accordingly, Ground Three should be denied.

## C. GROUND FOUR: COMPASSIONATE REDUCTION

In his Ground Four, Movant seeks a compassionate reduction in his sentence based upon the harm to his family from his incarceration. This is not in the nature of a challenge to his conviction or sentence, but merely a request for a reduction in the sentence. *Cf. U.S. v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993) (although not all 2255 claims barred by waiver, challenges to sentence base on newly discovered evidence was barred). Accordingly, it would not be subject to Movant's waiver.

Movant cites no authority for his request.  Respondent argues that the only possible sources of authority for such a reduction, *i.e.* 18 U.S.C. § 3582(c) and Rule 35, do not apply.

Section 3582(c) limits sentence modifications to one of three scenarios.  The first two are clearly not applicable: e.g. on request of the Bureau of Prisons or based on a change in the sentencing guidelines.  The third relates to the changes authorized by Rule 35.

Rule 35, Federal Rules of Criminal Procedure, provides only two instances permitting changes, neither of which apply, *i.e.*: to correct an arithmetical or technical error within seven days of sentencing; or upon motion by the government based upon substantial assistance in another investigation or prosecution.

There appearing no basis of authority to make the modification requested, Movant's Ground Four must also be denied.

### D. SUMMARY

Movant entered a valid waiver of his right to collaterally attack his conviction or sentence.  Grounds One and Two seek to do just that, and therefore they must be denied with prejudice.  Grounds Three and Four are outside that waiver, but are without merit, and therefore must be denied.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Grounds One and Two of the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 13, 2007 (#95) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remainder of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 13, 2007 (#95) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1 | Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: July 31, 2008

JAY R. IRWIN
United States Magistrate Judge

S:\Civil Cases\Active Cases\Castaneda-Ceja 2-07CV2192\07-2192-095r RR 08 07 16 re MVacate.wpd